23-6735-cr
*United States v. Saunders*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty-four.

PRESENT:
      JOSEPH F. BIANCO,
      STEVEN J. MENASHI,
      EUNICE C. LEE,
          *Circuit Judges*.

---

UNITED STATES OF AMERICA,

      *Appellee*,

v.                                                    23-6735-cr

JOSHUA SAUNDERS, a/k/a JOSHUA W. SAUNDER, a/k/a WISH,

      *Defendant-Appellant*.

---

| FOR APPELLEE: | JOY LURINSKY, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York. |
|---|---|

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | ROBERT P. LARUSSO, The LaRusso Law Firm, PLCC, Garden City, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Diane Gujarati, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on June 30, 2023, is **AFFIRMED**.

Defendant-Appellant Joshua Saunders appeals from the district court's judgment of conviction following his guilty plea to possession of a firearm, after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court found Saunders eligible for an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"), because he had three prior convictions for violent felonies "committed on occasions different from one another." App'x at 199 (quoting § 924(e)(1)). Saunders was sentenced to ACCA's mandatory minimum of 180 months' imprisonment, followed by three years of supervised release. On appeal, Saunders challenges the district court's application of ACCA's sentencing enhancement. Specifically, Saunders argues that: (1) the district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by determining that he committed three violent felonies on separate occasions, because he did not make such an admission during his plea allocution and the district court did not submit that issue to a jury; and (2) the district court committed plain error by relying on Saunders's Pre-Sentence Report ("PSR") to make the separate-occasions determination, in contravention of the Supreme Court's decisions in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005). We assume the

parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

On July 6, 2022, Saunders pled guilty without a plea agreement to possession of a firearm as a felon in violation of Section 922(g)(1). At sentencing, the district court considered whether to sentence Saunders under ACCA, which mandates a fifteen-year minimum term of imprisonment for any person who violates Section 922(g) and "has three previous convictions . . . for a violent felony . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). During his plea proceeding, Saunders did not allocute that he previously committed violent felonies on three separate occasions. Both the government and Saunders argued in their sentencing submissions that the district court therefore could not sentence Saunders under ACCA's mandatory minimum because of a recent Supreme Court case, *Wooden v. United States*, 595 U.S. 360 (2022). In particular, the government advised the district court that "[i]n light of the multi-factored and holistic inquiry required by *Wooden*, the Solicitor General has determined that the Sixth Amendment requires that a jury must find, or a defendant must admit, that the predicate offenses triggering ACCA's penalty provision were committed on occasions different from one another." App'x at 89 (internal quotation marks omitted). The district court disagreed with the parties, finding that *Wooden* did not overrule this Court's binding precedents—namely, *United States v. Santiago*, 268 F.3d 151 (2d Cir. 2001), and *United States v. Dantzler*, 771 F.3d 137 (2d Cir. 2014)—authorizing it to make the separate-occasions finding.

The district court then determined that Saunders had three prior violent felony convictions and that he committed those offenses on three different occasions. The three offenses consisted

3

of: (1) an October 2005 conviction for attempted second-degree robbery, under NYPL § 160.10(2)(a), committed on or before July 9, 2005; (2) an August 2006 conviction for second-degree robbery, under NYPL § 160.10(1), committed on November 13, 2005; and (3) a February 2010 conviction for third-degree robbery, under NYPL § 160.05, committed on August 12, 2009.[1]

## DISCUSSION

"We review *de novo* questions of law relating to a district court's application of the ACCA, but apply clear error review to a district court's factual findings regarding the nature of a prior offense." *United States v. Brown*, 629 F.3d 290, 293 (2d Cir. 2011) (per curiam).

We conclude that the district court erred in making the ACCA determination on its own. After the district court entered judgment, and while this appeal was still pending, the Supreme Court decided *Erlinger v. United States*, 602 U.S. 821 (2024). *Erlinger* held that, under *Apprendi*, a defendant is entitled to have a unanimous jury determine beyond a reasonable doubt that the defendant's past offenses were committed on separate occasions for ACCA purposes. *Id*. at 835. As a result, *Erlinger* abrogated Second Circuit precedent, on which the district court relied, that authorized a sentencing judge to determine whether a defendant's past offenses were committed on separate occasions. *See Santiago*, 268 F.3d at 157 (holding that "[Section] 924(e)'s 'different occasions' requirement falls safely within the range of facts traditionally found by judges at sentencing"); *accord Dantzler*, 771 F.3d at 144. Therefore, under *Erlinger*, in order for Saunders to be subject to ACCA's mandatory minimum, either a unanimous jury needed to find beyond a

---

[1] Although Saunders argued in the district court that the August 2006 attempted robbery conviction was not a violent felony, he does not dispute on appeal that each of the three prior offenses constitutes a violent felony for purposes of ACCA.

reasonable doubt that Saunders committed three violent felonies on different occasions or Saunders needed to admit to facts at his plea proceeding to support such a finding. Here, because there was no jury finding or admission at the plea proceeding on this factual issue, the district court erred in making the determination on its own.

Notwithstanding this error, the government argues that Saunders's sentence can be affirmed because the error was harmless. We agree. We have made clear that "*Apprendi* errors are subject to harmless-error analysis." *United States v. Peña*, 58 F.4th 613, 622 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 147 (2023); *see also Neder v. United States*, 527 U.S. 1, 18 (1999) (holding that errors that "infringe upon the jury's factfinding role" are "subject to harmless-error analysis"); *Erlinger*, 602 U.S. at 850 (Roberts, C.J., concurring) ("[V]iolations of th[e] right [to a jury determination on ACCA's separate-occasions inquiry] are subject to harmless error review."). Indeed, Saunders does not dispute that harmless-error analysis applies here. *See* Reply Br. at 3 ("The government correctly pointed out that . . . *Apprendi* errors are subject to harmless-error analysis . . . ." (internal quotation marks and citation omitted)). "In undertaking a harmless-error analysis, we must determine whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *United States v. Friedman*, 300 F.3d 111, 128 (2d Cir. 2002) (internal quotation marks and citation omitted); *accord Chapman v. California*, 386 U.S. 18, 24 (1967) (holding "that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt").

We conclude that the district court's error was harmless because the record makes clear beyond a reasonable doubt that a rational jury would find that Saunders committed the three prior violent offenses on separate occasions. First, and most importantly, the record indicates that

Saunders never disputed—and in fact admitted—that he committed the three offenses on separate occasions. *See* App'x at 114 ("THE COURT: But you are not contesting that as a factual matter these offenses were committed on occasions separate from one another? MR. LaRUSSO: No. THE COURT: It seems very clear from the record that they were. MR. LaRUSSO: It is."); *see also id*. at 98 (defense counsel stating, in a supplemental sentencing submission: "[W]e join in the Government's position that '[a]lthough the defendant committed three felonies, ACCA nonetheless does not apply in this instance because the defendant did not alloc[u]te that his crimes occurred on separate occasions[.]'"). Second, the dates of Saunders's prior offenses, together with their contexts, are strongly suggestive of different occasions. *See, e.g.*, *Wooden*, 595 U.S. at 369–70 ("In many cases, a single factor—especially of time or place—can decisively differentiate occasions. Courts, for instance, have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a 'significant distance.'"). As reflected in the certificates of conviction and plea colloquy transcripts contained in the record, Saunders committed the first and second offenses not days but *months* apart from each other—the first on or before July 9, 2005, and the second not until November 13, 2005. He committed the third offense nearly four years later, on August 12, 2009. Moreover, Saunders had already been arrested and convicted for the first offense when he committed the second offense, and had been convicted and sentenced for both those offenses by the time he committed the third.

Saunders argues that the error nevertheless cannot be harmless because he challenged below the district court's authority to make the ACCA determination. We disagree. Our harmless-error caselaw does not require the issue on which the district court erred to have been uncontested. *See Friedman*, 300 F.3d at 127–28 (applying harmless-error standard to a preserved *Apprendi*

challenge to a conviction); *cf. United States v. Groysman*, 766 F.3d 147, 155 (2d Cir. 2014) (explaining, in the improperly admitted evidence context, that harmless-error analysis applies "when an error claimed on appeal has been properly preserved in the district court"). Saunders's reliance on a passage from the Supreme Court's decision in *Neder* to suggest otherwise is misplaced. *Neder* merely stated that "[i]n *this* situation, where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence . . . , the erroneous instruction is properly found to be harmless." 527 U.S. at 17 (emphasis added). In other words, *Neder* simply described the situation in that particular case; it did not purport to add an additional requirement to the Supreme Court's harmless-error jurisprudence. In any event, Saunders disputed in the district court only whether the district court should make the separate-occasion determination, not the fact that he did commit violent felonies on three separate occasions.

Finally, to the extent Saunders suggests that the record is insufficient to conclude that the error was harmless because the district court's finding rested on the recitation of his criminal history in the PSR in contravention of *Taylor* and *Shepard*, that argument is without merit. This Court has previously held that "in determining whether offenses were committed on occasions different from one another for purposes of sentencing under the ACCA, a court may only utilize sources consistent with *Taylor* and *Shepard*." *Dantzler*, 771 F.3d at 146 (internal quotation marks omitted). Although *Erlinger* makes clear that district courts are no longer permitted to make ACCA's separate-occasion determination, Saunders does not dispute that this Court can use *Taylor*- and *Shepard*-approved materials, which are contained in the record, to conduct our harmless-error analysis. *See Graham v. Hoke*, 946 F.2d 982, 994 (2d Cir. 1991) (conducting

review under *Chapman*'s harmless-error standard "based on the *entire* record" (emphasis added)); *see also Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986) ("Since *Chapman*, we have repeatedly reaffirmed the principle that an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt."). The district court referenced the PSR in making its separate-occasion determination, but *Shepard*-approved materials—namely, the certificates of conviction and plea colloquy transcripts associated with Saunders's three prior convictions—were also part of the record. *See Shepard*, 544 U.S. at 26 (allowing district courts to consider the "transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant"); *United States v. Green*, 480 F.3d 627, 633 (2d Cir. 2007) (holding that "a New York Certificate of Disposition [i]s the type of judicial record that the *Shepard* Court indicated a federal district court may consider"). Those materials, which contain the dates of the offenses, arrests, and convictions, are sufficient for this Court to determine beyond any reasonable doubt that Saunders committed the three violent offenses on separate occasions and, thus, the district court's error was harmless.[2]

---

[2] Because these underlying certificates of conviction were part of the record, we need not decide whether we could rely solely on the information regarding the convictions contained in the PSR to find harmless error. *See, e.g.*, *United States v. Sadler*, 765 F. App'x 627, 630 & n.2 (2d Cir. 2019) (summary order) (concluding, prior to *Erlinger*, that it was not plain error for the district court to rely on a PSR description of a prior conviction derived from *Shepard*-approved documents and, in any event, remand was unnecessary because the panel had reviewed the certificate of conviction and confirmed that the information in the PSR was accurate).

\*  \*  \*

We have considered Saunders's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court